IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JO PATTERSON ) | |
| ) | |
| ) | Case No. 3:10-0422 |
| v. ) | JUDGE SHARP |
| ) | |
| THE METROPOLITAN GOVERNMENT ) | |
| OF NASHVILLE AND DAVIDSON ) | |
| COUNTY, TENNESSEE ) | |

**O R D E R**

By previous Order, this case was set for a jury trial on **Tuesday, July 31, 2012, beginning at 9:00 a.m.** and for a Final Pretrial Conference on **Friday, July 20, 2012, at 1:30 p.m.** All lawyers who will participate in the trial must attend the Final Pretrial Conference.

Counsel shall submit a Joint Proposed Pretrial Order to the Court by **Tuesday, July 17, 2012.** The Pretrial Order shall contain: (1) a recitation that the pleadings are amended to conform to the Pretrial Order and that the Pretrial Order supplants the pleadings; (2) a statement of the basis for jurisdiction in this Court; (3) a short summary of the Plaintiff's theory (no more than one page); (4) a short summary of the Defendant's theory (no more than one page); (5) a statement of the issues, including a designation of which issues are for the jury and which are for the Court; (6) a succinct statement of the relief sought; (7) a summary of any anticipated evidentiary disputes; and (8) an estimate of the anticipated length of the trial.

The parties shall also submit to the Court by Tuesday, July17, 2012, the following:

(1) **joint proposed jury instructions and verdict forms as follows:**

Counsel shall exchange proposed jury instructions on the substantive law of this specific case and proposed verdict forms and confer to reach agreement. Thereafter, **counsel shall jointly prepare and file a set of agreed proposed case specific jury instructions and verdict forms.** Each proposed jury instruction shall begin on a new

1

page and shall include citations to supporting authorities. Counsel shall separately file any disputed jury instructions or verdict forms only after making a good faith effort to prepare a jointly agreed upon instruction.

If technologically possible, the parties shall submit a Word Perfect or Word compatible computer disk of the agreed proposed jury instructions and verdict forms with the hard copy.

Certain standard, non-case specific jury instructions generally used by the Court are available on the Court's website: http://www.tnmd.uscourts.gov/judge_sharp.

(2) witness lists in accordance with Fed. R. Civ. P. 26(a)(3);

(3) exhibit lists in accordance with Fed. R. Civ. P. 26(a)(3); and

(4) stipulations.

By **Monday, July 9, 2012** the parties shall file any motions *in limine* and any motions objecting to expert testimony. Any responses to such motions shall be filed by **Tuesday, July 17, 2012**.

Expert witness disclosures shall be made timely in accordance with Fed. R. Civ. P. 26(a)(2) or as otherwise ordered by the Court. Expert witness disclosure statements shall not be supplemented after the applicable disclosure deadline, absent leave of Court. No expert witness shall testify beyond the scope of his or her expert witness disclosure statement. The Court may exclude the testimony of an expert witness, or order other sanctions, for violation of expert witness disclosure requirements or deadlines. There shall be no rebuttal expert witnesses, absent leave of Court.

Responses to interrogatories, requests for production and requests for admissions shall be supplemented timely, if necessary, in accordance with Fed. R. Civ. P. 26(e) no later than thirty (30) days before trial, absent leave of Court. The Court may exclude evidence, or order other sanctions, for violation of a duty or deadline to supplement discovery responses.

By **Tuesday, July 17, 2012,** the parties shall file briefs on the types of damages recoverable and, for each, whether the amount is determined by the Court or the jury.

At the Final Pretrial Conference, counsel shall be prepared to:

(1)  discuss proposed jury instructions and verdict forms;

(2)  identify and discuss undisputed facts and issues;

(3)  discuss the status of discovery;

(4)  preview proposed testimony;

(5)  discuss expert testimony;

(6)  preview proposed exhibits;

(7)  discuss motions *in limine*;

(8)  discuss pretrial briefs; and

(9)  discuss settlement.

Pre-trial briefs shall be filed seven (7) working days prior to trial.

There shall be no motions to continue filed after the date of the Final Pretrial Conference absent extraordinary circumstances. If a settlement is reached after jurors have been summoned, resulting in the non-utilization of the jurors, the costs of summoning the jurors may be taxed to the parties.

It is so ORDERED.

*[signature]*
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE